UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUDREY L. KIMNER,<br><br>  Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>  Defendants. | Case No.  5:25-cv-04159-EJD<br><br>**ORDER REGARDING AMENDED COMPLAINT**<br><br>Re: ECF No. 13 |

Pro se plaintiff Audrey Kimner brings this lawsuit asserting claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for violation of her civil rights.  Compl., ECF No. 1.  The Court previously granted Kimner's motion to proceed in forma pauperis but dismissed her initial complaint for failure to state a claim.  *See* IFP Order, ECF No. 12.  The Court granted leave to amend, and on September 11, 2025, Kimner filed an amended complaint.[1]  First Amended Complaint ("FAC"), ECF No. 13.

On October 9, 2025, the Court held a status conference to inform Kimner that Defendants had not been properly served with process.  ECF No. 16.  Afterwards, the Court learned that Defendants could not be served because summons had not been issued, so the Court held another status conference to notify Kimner of the situation and to advise her regarding the next procedural steps in her case.  ECF No. 19.  As noted by the Court during that conference, and for the reasons

---

[1] Kimner styles her recent filing as a supplemental pleading rather than an amended complaint. However, under Federal Rule of Civil Procedure 15, plaintiffs must receive leave of court to file supplements to an original pleading.  Fed. R. Civ. P. 15(d).  The Court only granted leave to file an amended complaint, not a supplemental pleading.  *See* IFP Order at 12.  As such, the Court construes Kimner's new pleading as a FAC.

Case No.:  5:25-cv-04159-EJD
ORDER DISMISSING AMENDED COMPLAINT

1

set forth below, the Court **DISMISSES** Kimner's FAC with leave to amend.

## I. LEGAL STANDARD

The Court must screen every civil action brought in forma pauperis under 28 U.S.C. § 1915 and dismiss any case that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d at 1127–31). To pass muster under this standard, the complaint must include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Courts construe a pro se plaintiff's pleadings liberally and afford her the benefit of any doubt. *Watison*, 668 F.3d at 1112. The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## II. DISCUSSION

In its Order dismissing Kimner's original complaint, the Court held that Kimner had not sufficiently stated a claim for relief under federal pleading standards. The Court noted that the "sprawling nature" of Kimner's allegations made it difficult for the Court to connect her allegations to her causes of action. IFP Order at 3. Furthermore, the Court did not credit as true Kimner's conclusory allegations that Defendants had engaged in any misconduct, because Kimner did not bolster these claims with factual allegations from which the Court could plausibly infer that Defendants are liable. *Id.*

With these considerations in mind, the Court finds that the FAC still falls short of the pleading requirements. The FAC asserts several causes of action, including deprivation of "ADA rights under Title II and III," rights under "the Rehabilitation Act of 1973 (Section 504)," and those under "the Fourteenth Amendment and Victim Rights laws . . . along with Article 1 of the

Case No.: 5:25-cv-04159-EJD
ORDER DISMISSING AMENDED COMPLAINT

1   California Constitution." FAC at 16.  Kimner alleges that Defendants violated her rights under

2   these authorities because, after she became a victim of certain crimes, Defendants neglected their

3   official duties, failed to act, and failed to acknowledge Kimner's right to be heard.  *See id.* at 14.

4   Kimner also alleges that Defendants "blocked [her] from working, [and] getting an education." *Id.*

5         Even assuming the truth of these allegations, Kimner does not explain how or why they

6   entitle her to relief under the law.  Each of Kimner's causes of action requires certain elements to

7   be met, and the FAC's allegations do not demonstrate that they are.  As such, the FAC does not

8   correct the fundamental pleading deficiency the Court identified in the IFP Order: connecting

9   factual allegations to the asserted causes of action to show that Kimner's claims are viable.  To be

10  sure, the complaint need not contain detailed factual allegations, but Kimner must allege enough

11  for the Court to be able to infer that she is entitled to the relief she seeks.  *See Bell Atl. Corp. v.*

12  *Twombly*, 550 U.S. 544, 554 (2007).

13        Take, for example, the alleged violation of Title II of the ADA.  Title II "prohibits public

14  entities from both discriminating against qualified individuals because of a disability and

15  excluding such individuals from benefitting from or participating in a public program because of

16  their disability." *Lane v. Lake Cnty. Hous. Comm'n*, 724 F. Supp. 3d 1026, 1047 (N.D. Cal. 2024)

17  (citation omitted).  To state a claim under Title II, a plaintiff must plead sufficient facts to show

18  that: "(1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from

19  participation in or denied the benefits of a public entity's services, programs, or activities, or was

20  otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or

21  discrimination was by reason of h[er] disability." *Id.* (internal quotations omitted) (quoting

22  *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017)).  Though Kimner claims that she

23  was denied certain benefits in the FAC, she does not allege that she is "disabled" within the

24  meaning of the ADA, even when her allegations are construed liberally.  Without meeting that

25  threshold element, the Court cannot plausibly infer that Kimner is entitled to relief under Title II

26  of the ADA.  The same reasoning applies to Kimner's other causes of action, each of which has

27  different elements that must be satisfied.

28  Case No.: 5:25-cv-04159-EJD
ORDER DISMISSING AMENDED COMPLAINT
3

United States District Court
Northern District of California

Accordingly, Kimner has not fully addressed the pleading deficiencies the Court identified when dismissing her original complaint. The FAC fails to state a claim for those same reasons.

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the FAC with leave to amend. Kimner may file a second amended complaint within 28 days of this Order to address the deficiencies described in this Order. If she does not do so, her lawsuit will be dismissed.

Upon the filing of any amended complaint by Kimner, the Clerk of Court shall issue summons and forward the same to the United States Marshal with instructions to serve the defendants in the above-captioned action.

The Court again encourages Kimner to utilize the Federal Pro Se Program at the San José Courthouse and take advantage of Civil Pro Se Form 15, the form complaint provided by courts to assist pro se plaintiffs. The Federal Pro Se Program is available by phone appointment at (408) 297-1480 or by email at hsong@asianlawalliance.org.

**IT IS SO ORDERED.**

Dated: October 15, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:25-cv-04159-EJD
ORDER DISMISSING AMENDED COMPLAINT
4